United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EARNEST WOODS,
Petitioner,

v.

ANDES, et al.,
Respondents.

Case No. 5:26-cv-07068 EJD (PR)

**ORDER DENYING MOTION FOR RECONSIDERATION**

(ECF No. 4)

Petitioner, a state inmate currently confined at San Quentin Rehabilitation Center ("SQRD"), filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, regarding the denial of parole. Dkt. No. 1. On October 5, 2026, the Court dismissed the petition for failure to state a cognizable claim for relief and entered judgment the same day. Dkt. Nos. 2, 3.

On October 30, 2026, Petitioner filed a motion for clarification and reconsideration. Dkt. No. 4. He asked for leave to file a motion for reconsideration "because the Court has erred, it[]s order reads that the state appellate court erred in transferring his case to San Diego County" and that the "state court has not transferred his case anywhere under Cal. Rules of Court, rule 8.385(c)(2)." Id. at 1.

Where the court's ruling has resulted in a final judgment or order (e.g., after dismissal or summary judgment motion), a motion for reconsideration may be based either on Rule 59(e) (motion to alter or amend judgment) or Rule 60(b) (motion for relief from judgment) of the Federal Rules of Civil Procedure. See Am. Ironworks & Erectors v. N. Am. Constr. Corp., 248 F.3d 892, 898-99 (9th Cir. 2001). A motion to alter or amend

United States District Court
Northern District of California

judgment under Rule 59 must be made no later than twenty-eight days after entry of judgment. See Fed. R. Civ. P. 59(e) (effective Dec. 1, 2009). Petitioner's motion was filed within this time frame, so the Court will construe the motion under Rule 59(e).

A motion for reconsideration under Rule 59(e) "'should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the law.'" McDowell v. Calderon, 197 F.3d 1253, 1255 (9th Cir. 1999) (citation omitted) (en banc). The denial of a motion for reconsideration under Rule 59(e) is construed as a denial of relief under Rule 60(b). Id. at 1255 n.3 (9th Cir. 1999) (citation omitted) (en banc). Rule 59(e) is used for a substantive change of mind by the court while Rule 60(a) should be used when the court has made an error in execution that requires the judgment to be corrected to implement the intended purpose. Tattersalls, Ltd., v. DeHaven, 745 F.3d 1294, 1299 (9th Cir. 2014). Motions for reconsideration should not be frequently made or freely granted; they are not a substitute for appeal or a means of attacking some perceived error of the court. See Twentieth Century - Fox Film Corp. v. Dunnahoo, 637 F.2d 1338, 1341 (9th Cir. 1981).

Petitioner has failed to establish any basis for reconsideration under Rule 59(e): there has been no intervening change of controlling law; he presents no newly discovered evidence; and there was no clear error in the Court's dismissal of the petition. Contrary to Petitioner's assertion, the Court's order did not state that "the state appellate court erred on transferring his case to San Diego County." Rather, the order states that Petitioner was the one who made that claim: "Petitioner claims the state appellate court erred in transferring his case to San Diego County, which was where he was convicted and sentenced. Dkt. No. 1 at 5." Dkt. No. 2 at 2. Specifically, he states in the petition, "Petitioner is challenging the First Appellate Court ruling to transfer his appeal." Dkt. No. 1 at 4, (under "Claim Two"). Furthermore, when the Court referenced "Cal. Rules of Court, rule 8.385(c)(2)," it did so because the state appellate court's order correctly denied Petitioner's state habeas petition based on that rule. Dkt. No. 1 at 8, *In re Woods*, Cal.App.4th at p. 1.

Accordingly, the Court did not err when it found that "the state appellate court properly denied the petition without prejudice so that Petitioner could appeal to the San Diego County Superior Court, which he admits was the county of conviction." Dkt. No. 2 at 2.

Absent highly unusual circumstances, which are not present in Petitioner's case, the Court finds no other basis for granting this motion for reconsideration where the Court's dismissal of the petition was correct. Accordingly, the motion for reconsideration is **DENIED**.

Plaintiff may proceed with an appeal of this matter to the Ninth Circuit.

This order terminates Docket No. 4.

**IT IS SO ORDERED**.

Dated: November 2, 2026

EDWARD J. DAVILA
United States District Judge